IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE PENSION, WELFARE AND VACATION FRINGE BENEFIT FUNDS OF IBEW LOCAL 701, | ) ) ) | |
| Plaintiffs | ) ) | No. 23-CV-1614 |
| vs. | ) ) | Judge |
| S&S SYSTEMS OF AMERICA, INC., an Illinois corporation, and George J. Nichols individually | ) ) ) | Magistrate |
| Defendant. | ) ) | |

## COMPLAINT

NOW COME the Plaintiffs, TRUSTEES OF THE PENSION, WELFARE AND VACATION FRINGE BENEFIT FUNDS OF IBEW LOCAL 701 (the "FUNDS"), by their attorneys, ARNOLD AND KADJAN, LLP, PAUL M. EGAN, and GRANT R. PIECHOCINSKI, and for their Complaint against Defendants S&S SYSTEMS OF AMERICA, INC., an Illinois corporation ("S&S SYSTEMS") and George J. Nichols ("Nichols") individually, state as follows:

1. (a) Jurisdiction of this cause is based upon Section 301 of the National Labor Relations Act as amended, 29 U.S.C. §185(a), as hereinafter more fully appears.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132 ("ERISA"), as hereinafter more fully appears.

2. Venue is founded pursuant to 29 U.S.C.§1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs are the TRUSTEES OF THE PENSION, WELFARE AND VACATION FRINGE BENEFIT FUNDS OF IBEW LOCAL 701, a labor organization engaged in the representation of electrical workers in DuPage County, Illinois. Local 701 has been chartered by, and is affiliated with, the International Brotherhood of Electrical Workers (hereinafter also referred to as "IBEW" and "International"). Local 701's office is located at

28600 Bella Vista Parkway, Suite 1110, in Warrenville, Illinois 60555. Local 701 is governed pursuant to Local Union By-Laws (hereinafter referred to as "By-Laws") and the Constitution of the International Brotherhood of Electrical Workers (hereinafter referred to as "Constitution").

(b) The Pension Fund, Welfare Fund, and Vacation Fund (together called "the Funds") have been established pursuant to collective bargaining agreements heretofore entered into between the International Brotherhood of Electrical Workers Local 701 (the "Union") and certain employer associations whose members employ members of the Union, and the Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws. The Funds are administered by the Plaintiffs as the presently acting trustees thereof, pursuant to the terms and provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and the terms and provisions of the Agreements and Declarations of Trust which established the Funds.

4. (a) Defendant **S&S SYSTEMS** is an employer engaged in an industry affecting commerce.

(b) Defendant **S&S SYSTEMS** has its principal place of business located at 1141 N Prospect Ave, Itasca, IL 60143.

5. Since on or about July 13, 2007, Defendant **S&S SYSTEMS**, authorized DuPage County Division, Illinois Chapter N.E.C.A., Inc. (hereafter "NECA") as its collective bargaining representative for all matters contained in or pertaining to the collective bargaining agreement then in force, and thereafter, between NECA and the Union. (Ex. A – Letter of Assent).

6. Since before 1972, NECA, a multi-employer bargaining association authorized to negotiate and execute collective bargaining agreements on behalf of its members and authorizing

employers, has entered into successive collective bargaining agreements with the Union on behalf of its members, and continues those functions to the present day.

7. By virtue of certain provisions contained in the collective bargaining agreements, Article VI, Section 5 of Amendment No. 1 of the Pension Fund Declarations of Trust, Article VI, Section 5 of the Welfare Fund Declarations of Trust and Article VII, Section 5 of the Vacation Fund Declarations of Trust to which Defendant **S&S SYSTEMS**, is bound, Defendant **S&S SYSTEMS** has agreed to make fringe benefit contributions on behalf of certain of its employees, calculated in relation to the gross wages of said employees, and when given reasonable notice by the Trustees of said Funds or the Trustees' representatives, has agreed to submit its books and records to an independent auditor to determine whether or not said Defendant is in compliance with its duties under ERISA, 29 U.S.C. §1132(g)(2)(A), the various collective bargaining agreements and the declarations of trust to which Defendant has assented.

8. In the event a delinquency is shown to be due and owing, Defendant **S&S SYSTEMS** has agreed to be liable for all costs, ten percent delinquency penalty and reasonable attorneys' fees, pursuant to Article VI, Section 4 of Amendment No. 1 of the Pension Fund Declarations of Trust, Article VI, Section 7 of the Welfare Fund Declarations of Trust and Article VII, Section 7 of the Vacation Fund Declarations of Trust.

9. Independent of said Declarations of Trust to which Defendant has assented, Defendant **S&S SYSTEMS** is liable for costs pursuant to 29 U.S.C. §1132(g)(2)(E), a twenty percent penalty in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

**Count I - Audit**

11. Defendant, **S&S SYSTEMS,** has breached the terms of the collective bargaining agreement and trust agreements by failing to pay all of the required contributions during the period of April 1, 2022 to the present.

12. A fringe benefit compliance audit for the period April 1, 2022 to the present is necessary to determine the extent of contributions owed by **S&S SYSTEMS.**

13. The terms of the Collective Bargaining Agreement and Trust Agreements require **S&S SYSTEMS** to submit all necessary books and records to Plaintiffs' auditor for the purposes of determining whether or not it was in compliance with its obligation to contribute to the Funds.

WHEREFORE, Plaintiffs pray:

A. This Court order **S&S SYSTEMS** to submit all necessary books and records to the Plaintiffs' auditor for the purposes of determining whether or not **S&S SYSTEMS** is in compliance with its obligation to contribute to the Funds for a fringe benefit compliance audit for the period of **April 1, 2022 through the present.**

B. That judgment be entered for Plaintiffs and against Defendant **S&S SYSTEMS**, in the amount shown to be owed on an audit for the period of **April 1, 2022 to present** pursuant to 29 U.S.C. §1132(g)(2)(A) and the aforesaid Declarations of Trust.

B. That Plaintiffs be awarded their costs herein, as follows:

(1) Twenty percent in liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C)(ii), and the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

(2) A ten percent penalty pursuant to the aforesaid collective bargaining agreements and trust declarations to which Defendant has assented;

(3)     Audit costs pursuant to 29 U.S.C. §1132(g)(2)(E), and the collective bargaining agreements and trust declarations to which Defendant has assented;

(4)     Attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D), and the collective bargaining agreements and trust declarations to which Defendant has assented; and

(5)     Prejudgment interest pursuant to 29 U.S.C. §1132(g)(2)(B).

C.     That pending final determination of this cause, Defendant **S&S SYSTEMS** be enjoined from violating the aforesaid collective bargaining agreements and enjoined from failing to make timely payments to the Funds as set forth; and that upon final adjudication of the cause Defendant **S&S SYSTEMS** be permanently so enjoined.

D.     That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

## COUNT II – Breach of Installment Note

11.     Plaintiffs restate and reallege paragraphs 1-10 as if restated fully herein.

12.     George J. Nichols is the corporate president of **S&S SYSTEMS.**

13.     **Nichols** and **S&S SYSTEMS** signed an installment note to resolve a fringe benefit compliance audit for the period of April 1, 2019 through March 31, 2022. (Ex. B)

14.     **Nichols** and **S&S SYSTEMS** breached the terms of the installment by failing to make any of the required payments under the terms of the installment note.

WHEREFORE, Plaintiffs pray:

A.     That judgment be entered for Plaintiffs and against Defendant **George J. Nichols and S&S SYSTEMS**, jointly and severally in the amount shown to be owed for the installment note dated December 15, 2022.

B.     That Plaintiffs be awarded their attorneys fees and costs herein;

C. That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

TRUSTEES OF THE PENSION, WELFARE AND VACATION FRINGE BENEFIT FUNDS OF IBEW LOCAL 701,

By: /s/ Grant R. Piechocinski
One of Plaintiffs' Attorneys

Paul M. Egan
Grant R. Piechocinski
ARNOLD & KADJAN, LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
Telephone (312) 236-0415
Facsimile (312) 341-0438